# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE BARANOWSKI, | ) | |
| | ) | No. 17 CV 02407 |
| Plaintiff, | ) | |
| | ) | Judge Harry D. Leinenweber |
| Vs. | ) | |
| | ) | |
| BLITT AND GAINES P.C., and | ) | |
| MSW CAPITAL LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' BLITT AND GAINES, P.C. and MSW CAPITAL LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants, Blitt & Gaines, P.C., and MSW Capital LLC, by and through counsel, Michael L. Starzec, respectfully submits its Reply in Support of their Joint Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

**A. As A Matter Of Law Baranowski Had No Attorney Of Record In The Collection Case At The Time The Communication Was Sent**

Baranowski apparently concedes that sending court pleadings directly to a consumer who has no counsel of record is proper. Notwithstanding that concession, Baranowski claims, lacking any support in the record or supporting allegations, that "[a]t the time of withdrawal, another law firm [CD LAB] was clearly substituted for the one withdrawing." (Dkt # 18, p 10). Thus, in an attempt to diminish the materiality Baranowski's failure to disclose the order of withdrawal, she contends that the order served to both withdraw Finko's appearance *and* simultaneously enter an appearance by CD LAB. However, the language of the omitted November 12, 2015 order leaves no room for ambiguity, stating in no uncertain terms that CD LAB "*is given leave to file*

its substitute appearance as counsel for Defendant by 11/19/2015." (Dckt. # 11, Ex. B) (emphasis added). Accordingly, while the November 12, 2015 order made Blitt aware of Baranowski's *intent to retain* CD LAB, it did not establish CD LAB as the proper party for service of court pleadings. [1]

In order to state a claim for a violation of section 1692c, a consumer must establish both knowledge of representation *and actual representation by an attorney*. <u>Montgomery v. Shermeta, Adams & Von Allmen, P.C.</u>, 885 F.Supp.2d 849, 854–55 (W.D.Mich. 2012). Baranowski's Response attempts to conflate the "knowledge" requirement, with the actual representation requirement. An "appearance" is "a defendant's act of taking part in a lawsuit." APPEARANCE, Black's Law Dictionary (10th ed. 2014). "A party 'appears' in an action either formally, by serving and filing a notice of appearance . . . or informally, by actively litigating the merits of an issue without raising any jurisdictional objection." 4 Am. Jur. 2d Appearance § 1. Therefore, in order to constitute an appearance, Baranowski must identify some affirmative act of CD LAB that might constitute "taking part in the lawsuit." Baranowski is erroneously attempting to claim Blitt's conduct - sending notice to Finko – somehow transformed itself into a supplemental appearance of record by Finko.

The fact that Baranowski had no counsel of record readily distinguishes each of the cases cited in her Response. In <u>Holcomb v. Freedman Anselmo Lindberg, LLC</u>, 2017 WL 1105445 (N.D.Ill., 2017), Holcomb's attorney appeared at two hearings and was recognized by the Circuit Court in orders signed by the judge. <u>Id</u> at *1. Under these facts, the court found the state court judge "recognized Holcomb's attorney's appearance on her behalf for the purposes of defending the case." <u>Id.</u> The court went on to explain the conduct in court that allowed it to impute an

---

[1] Baranowski contends that her position raises no constitutional concerns because the communication was only a notice of status and Blitt was granted leave to file a motion for default. (Dkt # 18, p 13). However, Blitt notes that the motion for default would also need to be mailed directly to Baranowski in order to comply with due process.

official appearance: "Holcomb was represented by an attorney in the state collection case, and Judge McGuire permitted his unlimited, general appearance, thereby qualifying Holcomb's attorney as 'an attorney of record' under Illinois Supreme Court Rule 11(a)" Id.

Similarly, in Washington v. Portfolio Recovery Associates, LLC, 211 F.Supp.3d 1041, (N.D.Ill. 2016) the consumer's attorney entered both a formal appearance and filed a motion to vacate a default judgment. Id. However, the consumer's attorney never served the debt collector with its formal appearance. Id. Thus, the issue was knowledge, not actual representation. Id. Furthermore, upon reconsideration, the court reiterated that "[i]n fact, Plaintiff's attorney *was* the attorney of record; he filed an appearance, although he did not serve it on Defendants." Brenda Washington, v. Portfolio Recovery Associates, LLC , *et al*, 2017 WL 2958250, at *5 (N.D.Ill. 2017) (emphasis in original).  [2]   Therefore, it clear that in each instance, whether formal or informal, an affirmative act of taking part in the lawsuit is required to constitute an appearance of record.

Moreover, in citing to Berman v. Dempsey, 629 N.E.2d 720 (1st. Dist. 1994), Baranowski *supports* rather than undercuts Blitt's position. Baranowski cites Berman for its finding that "the failure of the attorney appearing before the court to file an appearance was inconsequential because the case proceeded without any apparent objection, inconvenience or confusion by the court or the parties as to who was properly representing who and without any claim or evidence of prejudice to petitioner." (Dkt # 18, p 10) (quoting Berman, 629 N.E.2d at 722). However, that was not the holding of the Berman court.  The Berman court was actually quoting In re Marriage of Pitulla, 202 Ill.App.3d 103 (1st Dist. 1990) for purposes of *distinguishing* it.   This is apparent from the sentence immediately following Baranowski's quote, which states:

---

[2]   Contrary to what is suggested by Baranowski, Blitt does not argue that state law supersedes the FDCPA. Rather, Blitt argues that the FDCPA cannot be interpreted in a manner that violates the Due Process Clause of the United States Constitution.

> In the case *sub judice*, however, *the defendants did not file a supplemental appearance within 21 days as required by the September 23, 1991, order*. At the October 24, 1991, status, no appearance was on file and none of the defendants were in court. Under these circumstances, it was entirely proper for the court to enter a default order. Id (Emphasis added).

By contrast, in Pitulla, the petitioner was arguing for reversal of a sanctions order because "the attorney who signed the motion [for sanctions], failed to file an appearance in the case [and therefore], he was not the attorney of record;" an argument which the court rejected. Id at 120.

Hence, Berman does not stand for the proposition that an appearance is immaterial. Rather, it confirms Blitt's position: When counsel withdraws and no counsel appears thereafter, either formally or informally, there is no attorney of record. *See* Berman; On the other hand, where an attorney actively participates in the lawsuit and the case proceeds "without any apparent objection, inconvenience or confusion" there is an attorney of record even in the absence of a formal appearance. *See* Pitulla at 120.

In the present case, Finko withdrew as counsel and no counsel appeared in the case. In her brief Baranowski tellingly asserts "there was nothing to indicate to Defendant after the November 12, 2015 substitution of counsel, that Plaintiff was *not* represented by CB Lab (*sic*)" (Emphasis in the original). However, as Berman demonstrates, an *affirmative* act of taking part in the lawsuit is required to constitute an appearance of record. Furthermore, unlike Judge McGuire in Holcomb, who was willing to allow an informal appearance, this court expected a formal appearance and found by its later order that the failure to file a formal appearance rendered notice to both parties proper. Finko's later filing of a formal appearance further confirms that expectation.

Examining the Berman holding in its actual context demonstrates the present case is analogous to facts in Berman and not Pitula. Baranowski has failed to identify any affirmative act

of taking part in the lawsuit by CD LAB. As a result, Baranowski had no counsel of record, Blitt did not violate §1692c and therefore, Baranowski's Complaint must be dismissed pursuant to Rule 12(b)(6).

### B. The Omission Of The Order Of Withdrawal Was Objectively Unreasonable And In Bad Faith

It is objectively unreasonable and in bad faith to file suit for improper communications with a client and omit the fact that the attorney was previously granted a withdrawal. In an effort to diminish the import of the omission, Baranowski claims that bad faith can only be demonstrated "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought suit to harass the defendants rather than to obtain a favorable judgment." (Dkt # 18, p 15) (quoting Glick v. Koenig, 766 F.2d 265, 270 (7th Cir. 1985)). Baranowski then asserts "in the absence of evidence that a plaintiff knew his or her claim was meritless and yet pursued the claim for the purpose of harassing a defendant, a court may not permit a prevailing defendant to recover attorneys' fees." (Dkt # 18, p 15). However, the Glick court was not setting forth an exclusive list of sanctionable conduct. Rather, it was merely giving an example of what may constitute bad faith. Id. In any event, this argument is nothing more than an *ad hoc* attempt to diminish the materiality of her omission.

The FDCPA provides "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 USC § 1692k(a)(3). The question is not whether there exists some hypothetical non-frivolous theory of recovery, but rather, whether "a defendant prevails *and* the court finds that the suit was brought in bad faith and for the purpose of harassment." Marx v. General Revenue Corp., 668 F.3d 1174, 1178 (10th Cir. 2011) (internal citation omitted). Blitt is not arguing that Baranowski should be sanctioned

for proceeding on a theory that Blitt was required to inquire with CD LAB about whether they intended to file an appearance. [3] Due to her omission of Finko's withdrawal as counsel of record, Baranowski's Complaint is not based on that theory.

It is well established that the omission of a material fact will support a finding a bad faith. See e.g. Sharjah Inv. Co. (UK) Ltd. v. P.C. Telemart, Inc., 108 F.R.D. 90, 93 (D.C.N.Y. 1985) ("The failure to disclose information clearly within counsel's knowledge is, in and of itself, sufficient to satisfy the objective bad faith standard.") (FN 3).

The Seventh Circuit has spoken strongly on the perniciousness of factual omissions. In In re Ronco, Inc., 838 F.2d 212 (7th Cir. 1988), the Seventh Circuit Court of Appeals held that the omission of facts that are "highly relevant to an accurate characterization . . . can be just as misleading, sometimes more misleading, than an absolutely false representation." Id at 218. "The impact on the court and on the opposing party occurs when the initial omission is made. Later correction does not permit a recoupment of the time, energy or, in some cases, money that has already been expended." Id.

The court also rejected the exact argument made here by Baranowski; that sanctions should not be imposed if there is any reasonable argument that can be advanced in support of the party's position. The court reasoned "that the party against whom sanctions would be imposed must actually make the reasonable argument, not merely assert after-the-fact that a reasonable argument *could* have been made." Id at 218–19 (Emphasis in the original). Here, that would have required Baranowski to have plead, *in the initial* complaint, that while Finko withdrew, Blitt was nonetheless required to inquire with CD LAB as to whether they intended to file an

---

[3] Although not necessarily frivolous, as explained in Blitt's Motion, this theory poses serious constitutional concerns. For example, if Blitt made such an inquiry before sending notice of the status date and CD LAB stated that it intends to file an appearance but never did, Blitt would effectively be deprived of its right to seek recourse in the courts.

appearance. Instead, her complaint solely alleges improper communication with a represented consumer.

It is objectively unreasonable and in bad faith to omit the fact that Finko withdrew as counsel of record in order to create the false appearance that the facts are on all fours with Holcomb and Washington. Said omission is "highly relevant to an accurate characterization" of the case and is sufficient to establish both bad faith and dilatory motive. Accordingly, the Defendants should be awarded its costs and fees in recoupment for the time, energy and money expended in relation to this material omission.

WHEREFORE, Defendants, Blitt and Gaines, P.C. and MSW Capital, respectfully requests that this Court Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), to award the Defendants costs and fees 15 USC § 1692k(a)(3) and for such further relief as this Court deems just and proper.

                                                  Respectfully submitted,

                                                  By: s/Michael L. Starzec
                                                     Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
(312) 920-0625
mike@BlittandGaines.com