# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YVONNE BARANOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>BLITT AND GAINES, P.C., and MSW CAPITAL, LLC,<br><br>    Defendants. | Case No. 17 C 2407<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendants' Joint Rule 12(b)(6) Motion to Dismiss [ECF Nos. 11, 17] is granted.

## STATEMENT

At the heart of this case is a communication that Defendant Blitt and Gaines, P.C. ("Blitt") sent to Plaintiff Yvonne Baranowski ("Baranowski") incident to its representation of Defendant MSW Capital, LLC ("MSW") in the latter's underlying state-court action to recover Baranowski's alleged delinquent debt. *See, MSW Capital LLC v. Yvonne Baranowski,* No. 14 M1 135267 (Circ. Ct. Cook Co., Ill.). Before filing that lawsuit, MSW had purchased Baranowski's alleged debt from Credit One after her default. (*See,* ECF No. 1 ("Compl.") ¶¶ 15-17.) On March 17, 2017, Blitt mailed to Baranowski a notice concerning the need for all parties to appear at an upcoming status conference in the case. (Compl. at Ex. G.) Blitt also mailed this letter to Andrew Finko ("Finko") at an address associated with the law firm Wood Finko & Thompson PC. (*Ibid.*) Baranowski then filed this lawsuit, claiming that Blitt's sending this

notice to her violated a provision of the Fair Debt Collection Practices Act (the "FDCPA") prohibiting a debt collector from communicating with a consumer without her consent in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

Defendants do not contest that the notice constitutes a "communication with a consumer in connection with the collection of any debt" within the meaning of the FDCPA. Nor do Defendants dispute Baranowski's allegation that Blitt is a "debt collector." *See, e.g., Heintz v. Jenkins,* 514 U.S. 296, 299 (1995) (applying the FDCPA "to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation"). Instead, Defendants spotlight facts omitted from Baranowski's Complaint: Finko, who had previously appeared for Baranowski informally, was granted formal permission to withdraw his firm from the case. (ECF No. 11 ("Defs.' Mot.") at Exs. 1-2 (Finko's "Motion to Withdraw and Substitute Counsel" filed on October 30, 2015).) In its November 12, 2015 order granting Finko's motion, the circuit court instructed him to file a substitute appearance by November 19, 2015. (*Id.* at Ex. 3.) No appearance was filed, and Finko did not appear at hearings or status conferences (although it is unclear if there were any) until the one that was the subject of Blitt's March 17, 2017 notice. At that April 20, 2017 status conference, Finko again appeared on behalf of Baranowski, and the judge noted that Blitt's notice to Baranowski was appropriate "due to no counsel having substituted into the matter." (*Id.* at Ex. 4.)

Relying on these facts, Defendants argue that Blitt by sending Baranowski the notice was merely attempting to follow

- 2 -

the strictures of the Illinois Supreme Court Rules, which instruct in the case of "failure to file [a] supplementary appearance" within 21 days of withdrawal that "subsequent notices and filings shall be directed to the party at the last known business or residence address." Ill. S. Ct. R. 13(c)(5). This authorization, in Blitt's estimation, amounted to "express permission of a court" within the meaning of § 1692c(a) to direct notice to Baranowski. (*See,* Defs.' Mot. at 4.) Blitt alternatively contends that, to the extent it lacked express permission of a court of competent jurisdiction, Baranowski fails to allege plausible continuation of its knowledge that Finko represented Baranowski after the circuit court's substitution deadline came and went.

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must state a claim that is plausible on its face," with all inferences from the factual allegations drawn in favor of the plaintiff. *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim enjoys "facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Adams,* 742 F.3d at 728 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When ruling on a motion to dismiss, district courts may consider documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice. *Amin Ijbara Equity Corp. v. Village of Oak Lawn,* 860 F.3d 489, 493 (7th Cir. 2017). (To the extent any of the state court documents are not central to the complaint's allegations, they are proper fodder for judicial notice because they represent official proceedings that bear directly on the matters at issue. *See, Green v. Warden, U.S.*

*Penitentiary,* 699 F.2d 364, 369 (7th Cir. 1984) ("[F]ederal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.").)

The Court first notes that Finko's failure to file a formal appearance initially is immaterial, as Finko made informal appearances without objection and with court recognition prior to moving to withdraw and substitute. *See, e.g., Holcomb v. Freedman Anselmo Lindberg, LLC,* No. 15 C 1129, 2017 WL 1105445, at *3-4 (N.D. Ill. Mar. 24, 2017); *Washington v. Portfolio Recovery Assocs., LLC,* 211 F.Supp.3d 1041, 1054-55 (N.D. Ill. 2016), *reconsideration denied,* 2017 WL 2958250 (July 11, 2017). The balance of the Court's analysis is not indebted to the fact that Finko appeared informally in the case *prior* to his filing a motion to withdraw and subsequently failing to substitute within 21 days as instructed by the circuit court.

On the contrary, case law in this Circuit suggests that, *because* Finko was Baranowski's counsel of record, Illinois Supreme Court Rule 13(c)(5) sufficed as "express permission of a court of competent jurisdiction" for Blitt to send the notice to Baranowski. For example, in *Thomas v. Law Firm of Simpson & Cybak,* 392 F.3d 914 (7th Cir. 2004), *superseded by statute on other grounds,* Pub. L. 109-351, 120 Stat.2006 (Oct. 13, 2006), the Seventh Circuit found first that service of a summons and a complaint was a "communication" under § 1692g of the FDCPA. To allay concomitant concerns that "in any jurisdiction in which a defendant must be personally served, a debtor could arguably thwart service by simply retaining an attorney," the court noted that "other exceptions within § 1692c could be read to allow for service." *Id.* at 920. The court's chief example was the license § 1692c(a) grants a debt collector to communicate "with debtors represented by attorneys with the express permission of the

court," and it unambiguously stated that "[c]*ourt rules permitting service could be read as granting such express permission*." *Ibid.* (emphasis added). What is more, in an earlier case, *Spearman v. Tom Wood Pontiac-GMC, Inc.,* No. IP 00 C 1340, 2002 WL 31854892 (S.D. Ind. Nov. 4, 2002), a district court in this Circuit came to the same conclusion, noting in *dicta* that "the court rules that allow service of process on an individual might be considered express permission (as distinguished from particularized or case-specific permission) for such a communication with the consumer." *Id.* at *3.

The situation here is different from that characterizing *Holcomb,* in which the district court rejected a FDCPA defendant's attempt to hide behind the Illinois Supreme Court Rules, because that case involved no comparable withdrawal and substitution confusion. *See, Holcomb,* 2017 WL 1105445, at *4 ("[U]nder Illinois law, trial courts have discretion to recognize an attorney's appearance even when the attorney has not formally complied with Illinois S. Ct. Rule 13. Here, Holcomb was represented by an attorney in the state collection case, and Judge McGuire permitted his unlimited, general appearance, thereby qualifying Holcomb's attorney as an 'attorney of record' under Illinois Supreme Court Rule 11(a)."). *Holcomb* is redolent of the issue *sub judice* only in that counsel for the putative debtor repeatedly appeared without filing a formal appearance. Also inapplicable to this dispute is the district court's refusal in *Washington* to find that Illinois court rules conferred permission to communicate with the plaintiff, because the alleged debtor who received the communication was not even a party to the state-court action. *See, Washington,* 2017 WL 2958250 ("Thus, according to Defendants' own argument, *the* Illinois court rules do not apply and cannot constitute 'express permission of a court of

- 5 -

competent jurisdiction' to communicate directly with a debtor whom the creditor knows to be represented by counsel.") (citation omitted).

Even if the Illinois Supreme Court Rules do not amount to express permission, and instead the "case-specific" edict of a court hearing the actual controversy is required to cleanse any FDCPA taint, the circuit court did so.  It found at the first opportunity that Blitt's notice was proper in light of the absence of any attorney's substitution into the matter for Baranowski.  To Baranowski's inevitable protest that Blitt did not receive the circuit court's *prior* permission, the Court responds that no language in the statute appears to require *ex ante* procurement of express court permission. The FDCPA prohibits a debt collector from communicating with a consumer "[w]ithout the *prior* consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction."  15 U.S.C. § 1692c(a).  Whereas Congress saw fit to require the "prior consent of the consumer," it declined in the ensuing text to impose any analogous requirement that would limit the ability of courts to grant permission retroactively or *nunc pro tunc*.  Both *expressio unius* and the interpretive canon disfavoring construction of statutes that would curtail the judiciary's inherent powers militate against finding *ex post* permission ineffective under § 1692c(a). *See, e.g., N.L.R.B. v. SW General, Inc.,* 137 S.Ct. 929, 940 (2017) (noting the *expressio unius* canon's application when "circumstances support a sensible inference that the term left out must have been meant to be excluded") (quotation, internal quotation marks, and alterations omitted); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-47 (1991) ("[W]e do not lightly assume that Congress has intended to depart from established principles such as the scope of a court's inherent powers.") (quotation,

internal quotation marks, and citation omitted); *California v. Am. Stores Co.,* 495 U.S. 271, 295 (1990) ("Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied.") (quotation, internal quotation marks, and citation omitted). As such, even if the Illinois Supreme Court Rules are insufficiently case-specific to constitute "express permission of a court of competent jurisdiction" to send the notice to Baranowski, the circuit court's finding that the notice was proper surely does.

Because either Illinois Supreme Court Rule 13(c)(5) or the circuit court's April 20, 2017 ruling amounted to "express permission of a court of competent jurisdiction" to send the notice to Baranowski, whatever knowledge Blitt may have had of Baranowski's representation by Finko is immaterial. As such, Defendants' Motion to Dismiss is granted.

The Court takes a final moment to note an alternative basis for dismissing the claim against MSW. While Blitt may constitute a "debt collector" under the FDCPA, this says nothing of MSW's status, which implicates the Supreme Court's recent holding that a company may collect debts for its own account without triggering the statutory "debt collector" definition. *Henson v. Santander Consumer USA Inc.,* 137 S.Ct. 1718 (2017). As the Seventh Circuit explained in *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317 (7th Cir. 2016), while a debt collector can be held vicariously liable for missives drafted and sent by its agents, "[o]n the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all." *Id.* at 325 (citations omitted) (noting also that it "makes less sense to impose vicarious liability on such a company for its attorney's violations simply because the *attorney* happens to be a debt collector") (emphasis

added) (citations omitted). Because individuals "who do not otherwise meet the definition of 'debt collector' cannot be held liable under the act," *Pettit v. Retrieval Masters Creditor Bureau, Inc.,* 211 F.3d 1057, 1059 (7th Cir. 2000) (citations omitted), MSW cannot be vicariously liable for the acts of Blitt even if it was acting as MSW's agent for purposes of sending Baranowski the notice. *Henson* thus pulls the plug on any associated FDCPA claim against MSW. As an alternative to the Blitt-centered analysis above, the Court therefore finds that *sua sponte* dismissal of Baranowski's claim against MSW would be appropriate. *See, e.g., Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.").

For the reasons stated herein, the Court grants Defendants' Motion to Dismiss. Civil case terminated. Each party is to bear its own costs.

                                                        /s/ Harry D. Leinenweber
                                                        Harry D. Leinenweber, Judge
                                                        United States District Court

Dated: 8/2/2017